## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

09-32984

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):    **Lori C Morse**                  Case No:

This plan, dated __**May  8, 2009**__ , is:

■   the *first* Chapter 13 plan filed in this case.

☐   a modified plan, which replaces the plan dated _____.

Date and Time of <u>Modified Plan</u> Confirming Hearing:

Place of <u>Modified Plan</u> Confirmation Hearing:

The plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$207,101.84**
Total Non-Priority Unsecured Debt: **$43,583.77**
Total Priority Debt: **$479.98**
Total Secured Debt: **$103,062.00**

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                  Best Case Bankruptcy

09-32984

1.      **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$860.00 Monthly for 60 months**. Other payments to the Trustee are as follows: __NONE__. The total amount to be paid into the plan is $__51,600.00__.

2.      **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

      A.      **Administrative Claims under 11 U.S.C. § 1326.**

          1.      The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
          2.      Debtor(s)' attorney will be paid $__2,894.00__ balance due of the total fee of $__3,000.00__ concurrently with or prior to the payments to remaining creditors.

      B.      **Claims under 11 U.S.C. §507.**
      The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

3.      **Secured Creditors and Motions to Value Collateral.**

      This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtors(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

      A.      **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est Claim Amt | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| -NONE- | | | | | |

      B.      **Claims to Which §506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| -NONE- | | | | | |

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037      Best Case Bankruptcy

**\*\* THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

      C.      **Collateral to be surrendered.**  Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims.  To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim.  The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|
| -NONE- | | | |

**4.**      **Unsecured Claims.**

      A.      **Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately __**100**__ %.  If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately __**100**__ %.

      B.      **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.**      **Long Term Debts and claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

      A.      **Debtor(s) to pay claim directly.**  The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Chase Manhattan | 11008 Ryall Road, Glen Allen, VA  23059 Henrico County | 0.00 | 0.00 | 0% | 0 months | |
| HSBC Card Services | ATV | 0.00 | 0.00 | 0% | 0 months | |

      B.      **Trustee to pay the contract payments and the arrearages.**  The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan.  The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

**6.**      **Executory Contracts and Unexpired Leases.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

      A.      **Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

**B.**     **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

**7.**     **Motions to Avoid Liens.**

**A.**     **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis and Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

**B.**     **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for informational purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.**     **Treatment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

**9.**     **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

**10.**    **Incurrence of indebtedness.**  During the term of the plan, the debtor(s) shall not voluntarily incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

**11.**    **Other provisions of this plan:**

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                                   Best Case Bankruptcy

**Signatures:**

09-32984

**Dated:**  **May  8, 2009**

**/s/ Lori C Morse**                                                          **/s/ Jason M. Krumbein, Esq.**

**Lori C Morse**                                                              **Jason M. Krumbein, Esq. 43538**

**Debtor**                                                                        **Debtor's Attorney**


**Exhibits:**          **Copy of Debtor(s)' Budget (Schedules I and J);**
                       **Matrix of Parties Served with plan**


Certificate of Service

I certify that on  **May  8, 2009**  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.


                       **/s/ Jason M. Krumbein, Esq.**

                       **Jason M. Krumbein, Esq. 43538**

                       Signature

                       **1650 Willow Lawn Drive**
                       **Suite 300**
                       **Richmond, VA 23230**

                       Address

                       **804.673.4358**

                       Telephone No.


Ver. 06/28/06 [effective 09/01/06]

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                         Best Case Bankruptcy

# United States Bankruptcy Court
### Eastern District of Virginia

09-32984

In re   **Lori C Morse**
_____

_____         Case No. _____

                    Debtor(s)              Chapter   **13** _____

## SPECIAL NOTICE TO SECURED CREDITOR

To:   **Bank of America**
      **4161 Piedmont Parkway**
      **Greensboro, NC 27420** _____
      _Name of creditor_

      **Credit Card.  Disputed as to amount and.or liability.** _____
      _Description of collateral_

1.    The attached chapter 13 plan filed by the debtor(s) proposes (_check one_):

■    To value your collateral.  _**See Section 3 of the plan.**_  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  _**See Section 7 of the plan.**_  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    _**You should read the attached plan carefully for the details of how your claim is treated.**_  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:  _____

Date and time of confirmation hearing:  _____

Place of confirmation hearing:  _____

                    **Lori C Morse** _____
                    _Name(s) of debtor(s)_

By:   **/s/ Jason M. Krumbein, Esq.** _____
      **Jason M. Krumbein, Esq. 43538**
      _Signature_

      ■ Debtor(s)' Attorney
      ☐ Pro se debtor

      **Jason M. Krumbein, Esq. 43538** _____
      _Name of attorney for debtor(s)_
      **1650 Willow Lawn Drive**
      **Suite 300**
      **Richmond, VA 23230**
      _Address of attorney [or pro se debtor]_

      Tel. #   **804.673.4358** _____
      Fax #   **804.673.4350** _____

## CERTIFICATE OF SERVICE

09-32984

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **May  8, 2009**   .

**/s/ Jason M. Krumbein, Esq.**

**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

# United States Bankruptcy Court
### Eastern District of Virginia

09-32984

In re    **Lori C Morse**

_____

Debtor(s)

Case No.

Chapter    **13**

# SPECIAL NOTICE TO SECURED CREDITOR

To:    **Chase
Attn: Bankruptcy Dept.
P.O. Box 100018
Kennesaw, GA 30156**
_Name of creditor_

**Credit Card.  Disputed as to amount and.or liability.**
_Description of collateral_

1.    The attached chapter 13 plan filed by the debtor(s) proposes (_check one_):

■    To value your collateral.  _See Section 3 of the plan._  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  _See Section 7 of the plan._  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    _You should read the attached plan carefully for the details of how your claim is treated._  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:    _____

Date and time of confirmation hearing:    _____

Place of confirmation hearing:    _____

**Lori C Morse**
_Name(s) of debtor(s)_

By:    **/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
_Signature_

■ Debtor(s)' Attorney
☐ Pro se debtor

**Jason M. Krumbein, Esq. 43538**
_Name of attorney for debtor(s)_
**1650 Willow Lawn Drive
Suite 300
Richmond, VA 23230**
_Address of attorney [or pro se debtor]_

Tel. #    **804.673.4358**
Fax #    **804.673.4350**

## CERTIFICATE OF SERVICE

09-32984

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __**May 8, 2009**__.

**/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

# United States Bankruptcy Court
## Eastern District of Virginia

09-32984

In re    **Lori C Morse**                                                        Case No.
_____                  Chapter    **13**
                                        Debtor(s)

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Chase Manhattan
Attn: Bankruptcy Research Dept
3415 Vision Drive
Columbus, OH 43219**
*Name of creditor*

**11008 Ryall Road, Glen Allen, VA  23059
Henrico County**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

■    To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:                            _____

Date and time of confirmation hearing:        _____

Place of confirmation hearing:                _____

                        **Lori C Morse**
                        _____
                        *Name(s) of debtor(s)*

            By:    **/s/ Jason M. Krumbein, Esq.**
                   _____
                   **Jason M. Krumbein, Esq. 43538**
                   *Signature*

                   ■ Debtor(s)' Attorney
                   ☐ Pro se debtor

                   **Jason M. Krumbein, Esq. 43538**
                   _____
                   *Name of attorney for debtor(s)*
                   **1650 Willow Lawn Drive
                   Suite 300
                   Richmond, VA 23230**
                   *Address of attorney [or pro se debtor]*

            Tel. #    **804.673.4358**
            Fax #     **804.673.4350**

CERTIFICATE OF SERVICE

09-32984

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **May  8, 2009**    .

**/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

# United States Bankruptcy Court
### Eastern District of Virginia

09-32984

In re    **Lori C Morse**

Case No.

Debtor(s)

Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:    **CitiCards Private Label
Attn: Centralized Bankruptcy
P.O. Box 20507
Kansas City, MO 64195**
*Name of creditor*

**Credit Card.  Disputed as to amount and.or liability.**
*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■      To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due: _____

Date and time of confirmation hearing: _____

Place of confirmation hearing: _____

**Lori C Morse**
*Name(s) of debtor(s)*

By:    **/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Jason M. Krumbein, Esq. 43538**
*Name of attorney for debtor(s)*
**1650 Willow Lawn Drive
Suite 300
Richmond, VA 23230**
*Address of attorney [or pro se debtor]*

Tel. #    **804.673.4358**
Fax #    **804.673.4350**

## CERTIFICATE OF SERVICE

09-32984

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

□ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **May  8, 2009**   .

**/s/ Jason M. Krumbein, Esq.**

**Jason M. Krumbein, Esq. 43538**

*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

# United States Bankruptcy Court
### Eastern District of Virginia

09–32984

In re    **Lori C Morse**

Debtor(s)

Case No.

Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:    **Commonwealth of Virginia**
**Department of Taxation**
**P.O. Box 1880**
**Richmond, VA 23218-1880**
*Name of creditor*

**2006 income taxes**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

■    To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, underline unless you file and serve a written objection by the date specified underline and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:

Date and time of confirmation hearing:

Place of confirmation hearing:

**Lori C Morse**
*Name(s) of debtor(s)*

By:    **/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Jason M. Krumbein, Esq. 43538**
*Name of attorney for debtor(s)*
**1650 Willow Lawn Drive**
**Suite 300**
**Richmond, VA 23230**
*Address of attorney [or pro se debtor]*

Tel. #    **804.673.4358**
Fax #    **804.673.4350**

## CERTIFICATE OF SERVICE

09-32984

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **May  8, 2009**   .

**/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

# United States Bankruptcy Court
## Eastern District of Virginia

09-32984

In re    **Lori C Morse**
           Debtor(s)

Case No.
Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**HSBC Card Services**
**Bankruptcy Department**
**P.O. Box 5253**
**Carol Stream, IL 60197**
*Name of creditor*

**ATV**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

    ■    To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:

Date and time of confirmation hearing:

Place of confirmation hearing:

                          **Lori C Morse**
                          *Name(s) of debtor(s)*

By:    **/s/ Jason M. Krumbein, Esq.**
          **Jason M. Krumbein, Esq. 43538**
          *Signature*

          ■ Debtor(s)' Attorney
          ☐ Pro se debtor

          **Jason M. Krumbein, Esq. 43538**
          *Name of attorney for debtor(s)*
          **1650 Willow Lawn Drive**
          **Suite 300**
          **Richmond, VA 23230**
          *Address of attorney [or pro se debtor]*

          Tel. #    **804.673.4358**
          Fax #    **804.673.4350**

## CERTIFICATE OF SERVICE

09-32984

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **May  8, 2009**    .

**/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

# United States Bankruptcy Court
### Eastern District of Virginia

09-32984

In re   **Lori C Morse**

Debtor(s)

Case No.

Chapter   **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:   **Truliant Federal Cu**
**P.O. Box 25132**
**Winston Salem, NC 27114**

*Name of creditor*

**Notice Only.  Disputed as to amount and.or liability.**

*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

■      To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:

Date and time of confirmation hearing:

Place of confirmation hearing:

**Lori C Morse**

*Name(s) of debtor(s)*

By:   **/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Jason M. Krumbein, Esq. 43538**
*Name of attorney for debtor(s)*
**1650 Willow Lawn Drive**
**Suite 300**
**Richmond, VA 23230**
*Address of attorney [or pro se debtor]*

Tel. #   **804.673.4358**
Fax #   **804.673.4350**

CERTIFICATE OF SERVICE

09-32984

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

□ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this  __**May  8, 2009**__ .

**/s/ Jason M. Krumbein, Esq.**

**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

# United States Bankruptcy Court
### Eastern District of Virginia

09-32984

In re  **Lori C Morse**

Debtor(s)

Case No.

Chapter  **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:  **Wfnnb/dress Barn**
**Po Box 182273**
**Columbus, OH 43218**
*Name of creditor*

**Credit Card.  Notice Only.  Disputed as to amount and.or liability.**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

■    To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:

Date and time of confirmation hearing:

Place of confirmation hearing:

By:

**Lori C Morse**
*Name(s) of debtor(s)*

**/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Jason M. Krumbein, Esq. 43538**
*Name of attorney for debtor(s)*
**1650 Willow Lawn Drive**
**Suite 300**
**Richmond, VA 23230**
*Address of attorney [or pro se debtor]*

Tel. #    **804.673.4358**
Fax #    **804.673.4350**

CERTIFICATE OF SERVICE

09-32984

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **May 8, 2009**   .

**/s/ Jason M. Krumbein, Esq.**

**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

# United States Bankruptcy Court
### Eastern District of Virginia

09-32984

In re   **Lori C Morse**
_____

Debtor(s)

Case No.
Chapter   **13**
_____

## SPECIAL NOTICE TO SECURED CREDITOR

To:   **Zwicker & Associates, P.C.**
**80 Minuteman Road**
**Andover, MA 01810**
_____

*Name of creditor*

_____

*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■      To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due: _____

Date and time of confirmation hearing: _____

Place of confirmation hearing: _____

**Lori C Morse**
_____
*Name(s) of debtor(s)*

By:   **/s/ Jason M. Krumbein, Esq.**
_____
**Jason M. Krumbein, Esq. 43538**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Jason M. Krumbein, Esq. 43538**
_____
*Name of attorney for debtor(s)*
**1650 Willow Lawn Drive**
**Suite 300**
**Richmond, VA 23230**
_____
*Address of attorney [or pro se debtor]*

Tel. #   **804.673.4358**
Fax #   **804.673.4350**

CERTIFICATE OF SERVICE

09-32984

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this ___**May  8, 2009**___.

**/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

**B6I (Official Form 6I) (12/07)**

In re  **Lori C Morse** _____      Case No. _____ 09-32984
                        Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Daughter** | AGE(S):<br>**14** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Child Care Provider** | |
| Name of Employer | **Carol Scott Daycare** | **Dougherty Equipment Company** |
| How long employed | **8 months** | |
| Address of Employer | **11097 Ryall Road**<br>**Glen Allen, VA 23059** | **2302 Soabar St.**<br>**Greensboro, NC 27406** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **1,040.00** | $ **4,583.34** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **1,040.00** | $ **4,583.34** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $ **157.99** | $ **778.30** |
|     b. Insurance | $ **0.00** | $ **414.00** |
|     c. Union dues | $ **0.00** | $ **0.00** |
|     d. Other (Specify)   **See Detailed Income Attachment** | $ **0.00** | $ **911.90** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **157.99** | $ **2,104.20** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **882.01** | $ **2,479.14** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance<br>(Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income<br>(Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **0.00** | $ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **882.01** | $ **2,479.14** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **3,361.15** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**B6I (Official Form 6I) (12/07)**

In re   **Lori C Morse**                                                      Case No.   09-32984
                    Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---:|---:|
| **Dep Life** | $ 0.00 | $ 1.60 |
| **Life Post Tax** | $ 0.00 | $ 43.50 |
| **Spousal Life** | $ 0.00 | $ 28.50 |
| **ST Disability** | $ 0.00 | $ 46.54 |
| **Child Support** | $ 0.00 | $ 541.76 |
| **Tax Levy** | $ 0.00 | $ 250.00 |
| **Total Other Payroll Deductions** | $ 0.00 | $ 911.90 |

B6J (Official Form 6J) (12/07)

In re   **Lori C Morse**                                                    Case No.        09-32984
                          Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|--:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 904.50 |
| a. Are real estate taxes included?    Yes **X**    No ___ | | |
| b. Is property insurance included?    Yes **X**    No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 325.00 |
| b. Water and sewer | $ | 0.00 |
| c. Telephone | $ | 0.00 |
| d. Other    **See Detailed Expense Attachment** | $ | 165.18 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 473.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 40.00 |
| 7. Medical and dental expenses | $ | 30.00 |
| 8. Transportation (not including car payments) | $ | 40.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 34.67 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 58.06 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other    **Personal Care & Contingency Expenses** | $ | 100.00 |
| Other | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 2,220.41 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
   **None expected.**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|--:|
| a. Average monthly income from Line 15 of Schedule I | $ | 3,361.15 |
| b. Average monthly expenses from Line 18 above | $ | 2,220.41 |
| c. Monthly net income (a. minus b.) | $ | 1,140.74 |

**B6J (Official Form 6J) (12/07)**

In re  **Lori C Morse** _____   Case No. _____
_____
Debtor(s)                                                        09-32984

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| **Trash** | $ | **30.00** |
| **Cable, internet, telephone** | $ | **135.18** |
| **Total Other Utility Expenditures** | $ | **165.18** |

09-32984

Lori C Morse
11008 Ryall Rd
Glen Allen, VA 23059


Commonwealth of Virginia
Director of Finance
P.O. Box 760
Richmond, VA 23218-0760


Robert B. Van Arsdale
Assistant U.S. Trustee
701 E. Broad Street, Suite 4304
Richmond, VA 23219-1885


Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114


Bank of America
4161 Piedmont Parkway
Greensboro, NC 27420


Chase
Attn: Bankruptcy Dept.
P.O. Box 100018
Kennesaw, GA 30156


Chase Manhattan
Attn: Bankruptcy Research Dept
3415 Vision Drive
Columbus, OH 43219


CitiCards Private Label
Attn: Centralized Bankruptcy
P.O. Box 20507
Kansas City, MO 64195


Commonwealth of Virginia
Department of Taxation
P.O. Box 1880
Richmond, VA 23218-1880


HSBC Card Services
Bankruptcy Department
P.O. Box 5253
Carol Stream, IL 60197

09-32984

Truliant Federal Cu
P.O. Box 25132
Winston Salem, NC 27114


Wfnnb/dress Barn
Po Box 182273
Columbus, OH 43218


Zwicker & Associates, P.C.
80 Minuteman Road
Andover, MA 01810